Section 2343, General Code, deals with the erection of a bridge substructure. This may be contracted for upon plans furnished by an architect or civil engineer, or upon other plans received from bidders. Other sections immediately following relate to the superstructure of bridges, which also may be erected upon plans prepared and approved by the county commissioners, or upon other plans furnished at the option of the bidders. Under these various sections we therefore have a scheme whereby the county commissioners are authorized to receive and consider proposals on any plan submitted by the bidders for the erection of both substructure and superstructure. And they may adopt either, separately, or both, as an entirety.
The Roberts Supply Company, as one of the bidders for the entire bridge, submitted its bid upon a plan and for a price which included the bridge in its entirety. This proposal necessarily included a plan for both the substructure and the superstructure, and was in conformity to the provisions of the statute. However, it is insisted that instead of submitting a lump sum bid the Roberts Supply Company should have bid separately upon *Page 5 
the substructure and the superstructure of the bridge, and counsel for plaintiff in error admit that, if this had been done, and the separate bids were the lowest submitted, such proposals would have been valid.
At the outset it must be admitted that the county commissioners did not approve a plan submitted by the county surveyor, but necessarily must have adopted the plan of the Roberts Supply Company, which accompanied its bid. This is evident from the fact that the contract was awarded to it for the entire bridge. This bridge, under the proposal and plan of the successful bidder, was what is termed a monolithic unit. It consisted of an entire mass of concrete, which was not susceptible of exact separation into separate units whereby separate bids could be made upon the substructure and the superstructure; but the fact remains that the proposal of the successful bidder was the only proposal received upon the plan accepted by the commissioners, and was the lowest bid under that plan for both substructure and superstructure, and, so long as the accepted bid did not exceed the estimate made, the contract awarded for the entire bridge did not contravene Section 2358, General Code. That section indicates authority for entering into a contract for a bridge in its entirety, provided the price is not in excess of the estimates. In any event, since the county commissioners accepted the plan of the Roberts Supply Company, and not that of its own surveyor, upon which the relator submitted his bid, relator cannot compel the commissioners to award him a contract founded upon a plan which is not shown to have been approved *Page 6 
and accepted by the county commissioners. The relator must establish a clear legal right to have the contract awarded to him; he cannot avail himself of the invalidity, if any, of the contract awarded to another. State, ex rel. Ross, v. Board ofEducation, 42 Ohio St. 374.
The judgment of the Court of Appeals is affirmed.
Judgment affirmed.
MARSHALL, C.J., ROBINSON, MATTHIAS, DAY and ALLEN, JJ., concur.
WANAMAKER, J., not participating.